COUCH & GILLILAND V. HOME PROTECTIVE FIRE INSURANCE
COMPANY.

Decided March 30, 1903.

**1.—Fire Insurance—Iron Safe Clause—Warranty.**

Where a fire insurance policy had a slip attached thereto containing a description of the property, a stipulation that the insurance was subject to the following conditions as warranties, then a three-fourths loss clause, an iron safe clause, and a statement that it was made a part of the policy, and the policy contained a provision that it was subject to the provisions, agreements, or conditions "added" thereto, and in referring to the interest of a mortgagee stipulated that the conditions of the policy should apply to such interest as should be "appended" to it, the iron safe clause was thereby made a part of the policy, and was binding on the insured as a warranty.

**2.—Same—Waiver of Forfeiture—Question for Jury.**

Where the insurance company's adjuster and local agents were informed by plaintiffs that they had not complied with the iron safe clause, but no forfeiture was declared of the policy, and the adjuster afterwards required plaintiffs to make a statement of the loss under oath, and stated that the company would settle for the loss, and plaintiff had no notice of any limitation on the adjuster's authority, it was a question for the jury as to whether a forfeiture of the policy had been waived by the defendant.

Appeal from the County Court of Grayson. Tried below before Hon. J. D. Woods.

*F. B. Dillard,* for appellants.

*A. L. Beaty,* for appellee.

BOOKHOUT, ASSOCIATE JUSTICE.—This suit was instituted by the firm of Couch & Gilliland against the appellee, as defendant, to recover the amount of an insurance policy. A trial was had, and a verdict returned for defendant by instruction of the court. Plaintiffs appealed.

1. The first assignment complains of the ruling of the court on the exception of the plaintiff to that part of the answer setting up the iron safe clause of the policy. It is insisted that the iron safe clause, which was on a slip of paper attached to said policy, is not a warranty by plaintiffs, but is only a representation by them, and there is no plea that said representation was fraudulent, or made to deceive, or that defendant was misled, deceived or injured thereby. The original policy, by order of the court, is sent up for our inspection. There is attached to the face of the policy at the top of the space intended for description of the property insured, a slip of paper headed, "Mercantile Building and Stock Form." Then follows a description of the property insured. This description is followed by a statement reading: "This insurance is effective subject to the following conditions which are hereby made warranties by the assured and are accepted as parts of this contract." Then follows the three-fourths loss clause, after which follows the iron safe clause. At the end of the slip the following appears: "Attached to and made

a part of policy No. 1244 of the Home Protection Fire Insurance Company of San Antonio, Texas. R. M. McBride, secretary." The policy is numbered 1244. Near the end of the policy, and in the last clause thereof, appears the following provision: "This policy is made and accepted subject to the foregoing stipulations and conditions, together with such other provisions, agreements or conditions as may be indorsed hereon or added hereto." In referring to any interest which may exist in favor of a mortgagee, it is provided that the conditions of the policy shall apply "to such interest as shall be written upon, attached or appended hereto." It is clear that the slip or piece of paper containing the description of the property insured, the three-fourths loss clause and iron safe clause were added to the policy, and by its express terms, became a part thereof. The reference was sufficient to make said iron safe clause a part of the policy, and the same was a promissory warranty. The court did not err in overruling plaintiff's exception to that part of the answer setting up said clause as a warranty.

2. It is contended that the court erred in instructing a verdict for the defendant, his action being grounded upon the fact that the assured had breached the iron safe clause of the policy. It is insisted that there is evidence tending to show that a forfeiture of the policy by reason of the assured not having complied with the iron safe clause had been waived by the company. Leftwich & Rutherford were the local agents of the defendant at Tioga. When the fire which destroyed appellant's property occurred, they wired the fact to the company. The company then sent them blanks on which to take proof of loss and return it. These agents were, at the time the proof of loss was taken, informed by Gilliland that they had not complied with the iron safe clause and that their books and invoices were destroyed by the fire. The sworn proof of loss was then taken and sent to the company and was not returned or objected to. No forfeiture was claimed. After this, on January 2, 1902, the company wrote Leftwich & Rutherford as follows: "On the 16th instant, immediately after receiving notice of the fire, we inclosed you a blank proof sheet to have insured make a proof of loss on and return to us. We have failed to receive the proof of loss up to this date and suppose that he misunderstood the matter. We herewith inclose another proof sheet. Please explain to him the necessity of making proof of loss on same, and return to us at once. Our adjuster met with a painful accident some few days since; was thrown from his buggy and badly crippled up. It will be some days yet before he will be able to travel; however, we will try and arrange to have the loss adjusted within the next few days. Please tell Mr. Dillard that the matter will be adjusted as early as possible and settled in its regular order." On receipt of this letter and the blank the local agent again required appellants to come to their office to make proof of loss and were again informed that the iron safe clause had not been complied with, that their books and invoices were burned and they could not make a detailed statement of their loss, but they were required by defendant's agents to make a second proof of loss, which was sworn to and

mailed to the company. No forfeiture was claimed at this time. Couch & Gilliland had no notice of any limitation on the authority of Leftwich & Rutherford. Windsor was the adjuster of defendant, and was sent to Tioga to adjust this loss. Couch & Gilliland had no notice of any limitation on his authority. When he reached Tioga he sent for Gilliland to come to his hotel and was there informed by Gilliland that his books and invoices were burned. He then took Gilliland to the home of a notary public at night, and was informed in the presence of the officer that the iron safe clause had not been complied with, but he required Gilliland to submit to the examination under oath as provided by the policy. The adjuster did not declare the policy forfeited, and did not refuse to settle it, but stated that he could not arrive at the amount as the books were burned, but that the company would settle it. While at Tioga, this adjuster in conversation with the local agent of defendant, Mr. Leftwich, based his refusal to pay the policy on the ground that it had been transferred to wholesale merchants. It may be stated generally that if in any negotiation or transaction with the assured, after knowledge of the forfeiture, the company recognizes the continued validity of the policy, or does acts based thereon, or requires the assured by virtue thereof to do some act or incur some trouble or expense, the forfeiture is, as a matter of law, waived. Insurance Co. v. Moriarty, 37 S. W. Rep., 628. See also, Roberts v. Insurance Co., 19 Texas Civ. App., 338, 48 S. W. Rep., 539. This court held that a forfeiture for failure to comply with the iron safe clause was waived if the company, with knowledge of the breach of the condition, required the insured to be examined under oath with reference to the loss, pursuant to the terms of the policy. Insurance Co. v. O'Neal, 14 Texas Civ. App., 516, 38 S. W. Rep., 62. If the adjuster, with knowledge of a forfeiture of the policy by reason of Couch & Gilliland having failed to comply with the iron safe clause, did not rely thereon, but with knowledge of the breach of such clause, induced the assured, or either of them, to go before a notary public and make oath as to the amount of good they had on hand at the time of the fire, and did not claim a forfeiture, but stated the company would settle the loss, then the jury would be justified in finding a waiver of such forfeiture. The company was bound by the acts of its adjuster. Sisk v. Insurance Co., 69 S. W. Rep., 687. The evidence was sufficient to raise the issue and the trial court erred in instructing a verdict for defendant.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*