MODERN ORDER OF PRAETORIANS V. MINNIE T. HOLLMIG.

No. 1708. Decided June 26, 1907.

**Insurance—Materiality of Warranties—Beneficiary Associations.**

Article 3096aa, of the Revised Statutes (Acts of 1903, p. 94), being an amendment of title 58 relating to the subject of insurance is an "insurance law" within the meaning of the proviso to section 1 of the Act relating to "Fraternal Beneficiary Associations (Acts of 1899, p. 195), which exempts them from the operation of the insurance laws of the State. (The provision of the Act

first named which makes warranties by the insured insufficient to avoid the contract, though untrue, unless found to be material to the risk, has no application to the obligations of such beneficiary associations.    (P. 626.)

Question certified from the Court of Civil Appeals for the Third District, in an appeal from the County Court of Llano County.

*Hill & Dabney* and *Slator & Oatman,* for plaintiff in error.—Where the truth of answers to questions in an application for a benefit certificate of insurance upon life of the applicant are made warranties, if the said answers, or any of them, are false in fact it will avoid the benefit certificate, whether or not said answers are material to the risk. Kansas Mut. Life Ins. Co. v. Pinson, 94 Texas, 555; Kansas Mut. Life Ins. Co. v. Pinson, 64 S. W. Rep., 818; Goddard v. East Texas Fire Ins. Co., 67 Texas, 71; Palatine Ins. Co. v. Brown, 34 S. W. Rep., 465; Fitzmaurice v. Mutual Life Ins. Co., 84 Texas, 61; Equitable Life Ass'n v. Hazlewood, 75 Texas, 345; Fidelity Mutual Ins. Co. v. Harris, 94 Texas, 34.

The provisions of the Revised Statutes of Texas, article 3096aa, to the effect that answers made in an application for insurance, if untrue, shall not constitute any defense to a suit upon such contract unless shown upon the trial to be material, do not apply to mutual relief associations such as defendant was shown to be in this case; and it was, therefore, error on the part of the court to submit to the jury the question of materiality in the answers made by Hollmig in his application. Supreme Council A. L. of H. v. Story, 97 Texas, 264; Gen. Laws, 1903, chap. 69, p. 94; Sayles' Texas Civil Statutes, title 58, chap. 3, art. 3096, chap. 4, same title, art. 3096w.

*Johnson & Seiter,* for defendant in error.—The provisions of the Revised Statutes of Texas, article 3096aa, to the effect that answers made in an application for insurance, if untrue, shall not constitute any defense to a suit upon such contract unless shown upon the trial to be material, do apply to mutual relief associations, such as appellant was shown to be in this case, and it was not error to submit to the jury the materiality of Hollmig's answers in his application. Gen. Laws of Texas, 1903, chap. 69, p. 94; Sayles' Civ. Stats., title 58, chap. 3, art. 3096; Sayles' Civ. Stats., title 58, chap. 4, art. 3096w; Gen. Laws of Texas, 1895, p. 97.

Benefit certificates of mutual relief associations, such as the one sued on in this case, are contracts of insurance. American L. & H. v. Larmour, 81 Texas, 71.

BROWN, ASSOCIATE JUSTICE.—This case comes to us upon certificate from the Court of Civil Appeals for the Third Supreme Judicial District; the statement and question are as follows:

"Plaintiff in error is a fraternal beneficiary association, organized and chartered under the general laws of Texas, having no capital stock, and its sole and only funds for the payment of death benefits to its members are created and sustained by assessments made upon its members in accordance with its bylaws and regulations.

"On the 1st day of June, 1904, plaintiff in error executed and delivered to Hensel P. Hollmig, husband of defendant in error, a life benefit certificate, whereby it insured his life for the sum of $1,000, for the benefit of defendant in error, and thereby promised and agreed to pay her 6 percent of the face value of said certificate, to wit: the sum of $600 should the said Hollmig die within a year from the date of said certificate. Hollmig died on the 2d day of February, 1905, while said certificate was in full force and effect; and on or about the 1st of March, 1905, proof of the death of the said Hollmig was made and furnished to plaintiff in error, in compliance with its rules, and presented to its executive committee, which was the body vested with the power of passing upon the same; and at the time of furnishing said proof defendant in error demanded of plaintiff in error the sum due upon said benefit certificate, to wit, the sum of $600, but the payment thereof was refused, for which sum defendant in error brought this suit.

"Plaintiff in error pleaded, among other defenses, that Hollmig the insured, had in his application for insurance, in making answers to the questions of the medical examiner, made false statements in reference to the condition of his health and having consulted or been treated by a physician, and that the contract of insurance made such statements warranties, and therefore, it was not liable on said certificate.

"There was testimony tending to show that the said Hollmig had made false statements in his application for insurance in the respects above stated, and the evidence was ·conflicting as to whether or not such statements were material to the risk. The contract of insurance provided that the statements made by the insured in his application for insurance should be held to be warranties.

"Plaintiff in error, by several special charges, requested the trial court to charge the jury to the effect that if they believed from the evidence that Hollmig, the insured, had made false statements in his application for insurance, they should find in favor of plaintiff in error, regardless of whether or not such statements were material to the risk, which the court refused to do, but instructed the jury that the burden of proof rested on the plaintiff in error to show that the alleged false statements were material to the risk. Plaintiff in error has assigned as error the above stated action of the trial court.

"The trial in the court below resulted in a verdict and judgment in favor ·of defendant in error for the sum of $600.

"Plaintiff in error contends that the provisions of article 3096aa embraced in the Act to amend title 58 of the Revised Statutes, relating to the subject of insurance, passed by the Twenty-eighth Legislature (Acts of 1903, p. 94), which is as follows: 'That any provision in any contract or policy of insurance issued or contracted for in this State, which provides that the answers or statements made in the application for such contract, or in the contract of insurance, if untrue or false, shall render the contract or policy void or voidable, shall be of no effect and shall not constitute any defense to any suit brought upon such contract, unless it be shown upon the trial therof that the matter or thing misrepresented was material to the risk or actually contributed

to the contingency or event on which said policy became due and payable, and whether it was material and so contributed in any case, shall be a question of fact to be determined by the court or jury trying such case,' do not apply to insurance associations or companies of the character of plaintiff in error. ' This court held that the provisions of said article did apply to associations of the character of plaintiff in error, and that the action of the trial court in the respect stated above was not erroneous, and affirmed the judgment of that court. A copy of the opinion of this court accompanies this certificate.

"Plaintiff in error has filed a motion for rehearing, which is now pending before this court, and in said motion for the first time, calls attention to an act entitled 'Fraternal beneficiary associations,' passed by the Legislature in 1899, as shown by the session laws of 1899, page 195, which at the end of section 1, has this provision: 'Such association shall be governed by this Act, and shall be exempt from the provisions of the insurance laws of this State, and no law hereafter passed shall apply to them, unless they be expressly designated therein.'

"QUESTION.

"Does article 3096aa of the Revised Statutes, quoted above, apply to fraternal beneficiary associations?

"As shown by the above statement, the amount involved in this case is within the original jurisdiction of the County Court; and therefore a writ of error from the Supreme Court to this court will not lie. Also, the question involved is of considerable public interest; hence we feel justified in certifying the question to the Supreme Court for its decision."

Article 3096aa of the Revised Statutes of the State of Texas copied in the above statement is an amendment to title 58 of the Revised Statutes which embodies the law of this State on the subject of "insurance," and the article was added to chapter 4 of that title which treats of life and accident insurance companies, their contracts and policies. The Act of 1903 is therefore an "insurance law" within the meaning of the following proviso to the first section of the Act of the Legislature of 1899: "Such association shall be governed by this Act, and shall be exempt from the provisions of the insurance laws of this State, and no law hereafter passed shall apply to them, unless they be expressly designated therein." Fraternal and beneficiary associations not being mentioned in the Act of 1905, it does not apply.