SCOTTISH UNION & NATIONAL INSURANCE COMPANY v. J. T. WADE
ET AL.

Decided March 16, 1910.

**1.—Constitutional Law—Insurance.**

The Act of March 27, 1903, Laws Twenty-Eighth Legislature, 94, 95, is not unconstitutional as depriving an insurance company of its property without due process of law in contravention of the Fourteenth Amendment to the Constitution of the United States.

**2.—Same.**

The Act of March 27, 1903, Laws Twenty-Eighth Legislature, 94, 95, regulating contracts of insurance is not unconstitutional as depriving certain insurance companies of the equal protection of the law guaranteed by the Fourteenth Amendment to the Constitution of the United States, by an arbitrary classification of the companies subject to or exempted from the operation of the law. The classification is not that of companies, the Act applying equally to all, but of forms of contract, and furnishes on its face a sound reason for such classification.

**3.—Insurance—Fire—Material Representations—Statute.**

Chapter 5, article 3096aa, added to Title 58, Revised Civil Statutes, by the

Act of March 27, 1903, Laws Twenty-Eighth Legislature, 94, enacting that insurance contracts shall be not avoided for misrepresentations by insured not material to the risk, applies to policies of fire insurance as well as to life insurance.

**4.—Same—Amendments to Statute—Numbering of Titles, Chapters and Articles.**

The Act of May, 1897, Laws Twenty-Fifth Legislature, 197, relating to license of fire and marine insurance companies, while modifying certain provisions of the law governing them contained in Title 58, did not refer to such title or its chapters or articles, and can not be taken as adding chapter 5 to the same. The Act of March 27, 1903, adding chapter 5 embracing articles numbered 3096aa to 3096eee, created no confusion or uncertainty with regard to the numbering of chapters and articles.

**5.—Case Distinguished.**

Modern Order of Praetorians v. Hollmig, 100 Texas, 623, limited and distinguished.

**6.—Same.**

Gross v. Colonial Ass. Co., 56 Texas Civ. App., 627, distinguished from this case as involving a promissory warranty, not misrepresenting an existing fact.

Appeal from the District Court of Brown County. Tried below before Hon. Jno. W. Goodwin.

*Jenkins & McCartney* and *Crane, Seay & Crane,* for appellant.— Articles 3096aa, 3096bb, 3096cc, 3096dd, 3096ee, 3096eee, Revised Civil Statutes of Texas are unconstitutional and void in that said Act is in contravention of and violative of Section 1 of the Fourteenth Amendment to the Constitution of the United States and therefore void, for the reason that it denies the appellant the equal protection of the law. Connolly v. Union Sewer Pipe Co., 184 U. S., 540; Gulf, C. & S. F. Ry. Co. v. Ellis, 165 U. S., 154; Cotting v. Kansas City S. Y., 183 U. S., 79; Northwestern L. Ins. Co. v. Riggs, 203 U. S., 243; Orient Ins. Co. v. Daggs, 172 U. S., 557.

*Harrison & Wayman* for appellees.

KEY, CHIEF JUSTICE.—J. T. Wade and his wife instituted this suit against the Scottish Union and National Insurance Company, seeking to recover upon a $2,000 policy of insurance on a gin house, machinery, etc.

The main defense relied on in the court below and urged in this court is a representation or statement in the application for the policy to the effect that the total concurrent insurance on the property was limited to $2,500, including the policy therein applied for; that the statement referred to constituted a warranty, and that plaintiffs at the time of making said application, and at the time the property was destroyed by fire had other insurance thereon to the amount of $3,000.

Replying to that part of the defendant's answer, the plaintiffs alleged that the defendant was estopped because of the fact that its agent who solicited and induced the plaintiffs to take out the policy in suit was informed of all the facts and had actual knowledge of the preexisting insurance, and that the plaintiff J. T. Wade signed the application in blank upon an agreement with the agent that he would

thereafter fill out the blanks in accordance with the facts as disclosed to him by J. T. Wade, and that he fraudulently or negligently failed to do so, and improperly filled the blank in reference to concurrent insurance as it now appears in the application. It was also alleged that the plaintiffs had not read or examined the policy before the fire, and did not know of the improper restriction therein concerning concurrent insurance; and, on account of their ignorance concerning such matters, would not have understood the policy had they read it. And the plaintiffs further alleged, as part of the plea of estoppel, that the defendant received and appropriated the premiums which the plaintiff paid for the policy.

In a supplemental answer the defendants asserted that, by reason of the acceptance of the policy, the plaintiffs were estopped from denying the correctness of any of its stipulations.

There was a jury trial which resulted in a judgment for the plaintiffs, and the defendant has appealed.

Learned counsel for appellant have filed an elaborate brief, presenting numerous assignments of error. This court has neither time nor inclination to discuss in detail all the questions presented; and, except the questions hereafter discussed, we content ourselves with the statement that all the other questions have been carefully considered in the consultation room, and we have reached the conclusion that the plaintiffs' pleadings are not subject to any of the objections urged against them; that the trial court committed no error in rulings upon the admissibility of testimony, and that the charge given to the jury is not subject to the criticisms urged against it, and that no error was committed in refusing instructions requested by the defendant.

The Twenty-Eighth Legislature passed a law providing, in substance, that any provision in any contract or policy of insurance issued or contracted for in this State, which provides that the answers or statements made in the application for such contract, or in the contract of insurance, if untrue or false shall render the contract or policy void or voidable, shall be of no effect and shall not constitute any defense to any suit brought upon such contract, unless it be shown that the matter or thing misrepresented was material to the risk or actually contributed to the contingency or event on which the policy became due and payable. That statute contains this provision: "The provisions of this Act shall not apply to policies of life insurance in which there is a clause making such policy indisputable after two years or less, provided premiums are duly paid; provided further, that no defense based upon misrepresentation made in the application for, or in obtaining or securing any contract of insurance upon the life of any person being or residing in this State shall be valid or enforcible in any suit brought upon such contract two years or more after the date of its issuance, where premiums due on such contract for the said term of two years have been paid to and received by the company issuing such contract, without notice to the assured by the company so issuing such contract of its intention to rescind the same on account of misrepresentation so made, unless it shall be shown on the trial that such misrepresentation was material to the risk and intentionally made."

The court below applied that statute and instructed the jury that the application for the policy sued on contained an untrue statement as to the amount of preexisting insurance. The jury were further instructed that the defendant's liability depended, among other things, upon the materiality of the statement referred to. Counsel for appellant present the contention that the proviso quoted in the Act of the Twenty-Eighth Legislature places that legislation in contravention of section 1 of the Fourteenth Amendment to the Constitution of the United States. One contention is that the statute deprives appellant of its property without due process of law, but that contention is without merit, nor is it urgently insisted upon.

The chief contention, and the one urged with much insistence and with some force, is that the statute denies to appellant, and all others similarly situated, the equal protection of the law as guaranteed by the Federal Constitution. The contention is that the proviso quoted creates an arbitrary and unreasonable classification of insurance companies, and thereby relieves one class from the provisions of the statute to which the other class is subjected. Counsel for appellant concede, as the courts have repeatedly held, that legislation may classify insurance companies and make laws governing fire insurance which do not apply to and govern life insurance. But the contention is that the statute under consideration has not observed any such distinction or made any such classification, but that it has arbitrarily created a class consisting of insurance companies writing a particular kind of contract, and exempted all such companies from the operation of the statute. If that construction be correct there is much force in the contention urged. But the fallacy which underlies the contention so earnestly presented is an erroneous construction placed upon the statute. The proviso referred to does not exempt any class of insurance companies from the operation of the statute, it exempts all insurance companies when sought to be held liable upon a life insurance contract containing a clause making the policy indisputable after two years or less provided premiums are duly paid. Any company which chooses to make a life insurance contract containing such stipulation as to noncontestability is, as to that particular contract, but not otherwise, exempt from the operation of the statute. The statute does not classify companies, but classifies contracts, and furnishes on its face sound reason for such classification. This relieves the statute from any criticism based upon the assumption that it creates an unreasonable and arbitrary classification of insurance companies; and we therefore hold that it does not contravene the provision of the Federal Constitution invoked by appellant.

It is further insisted that the Act of the Twenty-Eighth Legislature was intended to apply to life insurance only. The Revised Statutes of this State, adopted by the Legislature in 1895, are subdivided into titles, chapters and articles. In some instances more than one article is given the same number, and these are distinguished by adding after the number one or more letters of the alphabet. All the laws relating to the subject of insurance are placed under title 58, and they comprise four chapters. Chapter 4 contains articles 3096a, 3096b, 3096c, 3096d, 3096e, and so on down to and including 3096y. The title of

that chapter is "Home, Life and Accident Insurance Companies," and it may be conceded that everything contained in that chapter relates and is limited to such insurance and has no application to any other insurance. The caption of the Act of the Twenty-Eighth Legislature is: "An Act to Amend Article 58, Revised Civil Statutes, relating to the subject of insurance, by adding thereto Chapter 5, embracing articles 3096aa, 3096bb, 3096cc, 3096dd, 3096ee, and 3096eee, etc." The first section declares "That title 58, Revised Civil Statutes, be and the same hereby is amended by adding thereto chapter 5, embracing articles 3096aa, 3096bb, 3096cc, 3096dd, 3096ee and 3096eee, as follows, to wit:" The statute then proceeds to enact the several articles, giving to each one the number and letters above stated. The first article reads as follows:

"Chapter 5, article 3096aa. That any provision in any contract or policy of insurance issued or contracted for in this State, which provides that the answers or statements made in the application for such contract, or in the contract of insurance, if untrue or false, shall render the contract or policy void or voidable, shall be of no effect and shall not constitute any defense to any suit brought upon such contract, unless it be shown upon trial thereof that the matter or thing misrepresented was material to the risk or actually contributed to the contingency or event on which said policy became due and payable, and whether it was material and so contributed in any case, shall be a question of fact to be determined by the court or jury trying such case."

This language is very broad, and indicates that it was the intention of the Legislature that it should cover every kind and class of insurance; and there is nothing in the entire Act, except the proviso contained in article 3096eee, which has already been quoted and which has no application to fire insurance, tending to limit its scope. However, counsel for appellant contend that the entire Act should be limited to life and accident insurance contracts in order to preserve harmony and avoid confusion.

It is stated in appellant's written argument that in 1903, when the Twenty-Eighth Legislature enacted the statute under consideration, there was on the statute books a chapter 5 of title 58, consisting of articles 3096aa, 3096bb and 3096cc passed by the Twenty-Fifth Legislature in 1897, and relating to the subject of licenses of insurance companies and their examination by the Insurance Commissioner. A law was passed by the Twenty-fifth Legislature relating to the subject referred to, but neither in its title nor its body does it mention title 58, nor does it specify any chapter or article by number or otherwise. While its effect may be to modify certain articles of the Revised Statutes relating to the subject of insurance, it does not purport to be chapter 5, nor does it purport to contain article 3096aa, or any other article (Gen. Laws, 1897, p. 197). Hence we conclude that, in treating the Act of the Twenty-Eighth Legislature as adding an additional chapter to title 58, relating to the general subject of insurance, no confusion will result, as there will not be, as contended, a duplication of numbers of either chapter or articles.

We are reminded of the fact that our Supreme Court in deciding

the case of Modern Order of Praetorians v. Hollmig, 100 Texas, 623, 103 S. W., 476, stated that the statute under consideration was added to chapter 4, of title 58. It was added to that chapter in the sense that it follows immediately after it, and constitutes an additional chapter; but it is not believed that the Supreme Court intended to hold that it was merely a part of chapter 4, and limited to the character of insurance dealt with in that chapter. In fact, that question was not then before the court, and any expression upon the subject would be obiter dictum. We are satisfied that it was the intention of the Twenty-Eighth Legislature to add to title 58 an additional chapter relating to fire, as well as life insurance. It is true that the Supreme Court, in Modern Order of Prætorians v. Hollmig, *supra*, held that the Act of the Twenty-Eighth Legislature does not apply to fraternal beneficiary associations; but that decision was not based so much upon an interpretation of the language of that Act, as upon the language of a prior Act which undertook to declare how future legislation should be written to make it applicable to such associations; and that decision is undoubtedly correct if (as seems to have been assumed by the court) prior legislation may prescribe the language necessary to be used in all subsequent legislation in order to accomplish a particular purpose. The point there decided has no application to this case.

We are also mindful of the fact that in Gross v. Colonial Assurance Co., 56 Texas Civ. App., 627, 121 S. W., 517, the Court of Civil Appeals for the First District held that the false statement relied on in that case as a defense constituted a promissory warranty, and therefore was not within the purview of the Act of the Twenty-Eighth Legislature. A promissory warranty has reference to something to be done or omitted in the future, and does not include that which exists at the time or relates to the past. A promissory warranty must embody an agreement to do or not to do something in the future. In the case at bar, no additional insurance was procured after the policy in suit was issued, and the false representation or statement, if any was made, related to conditions existing at the time, and therefore it did not constitute a promissory warranty.

No reversible error has been shown and the judgment is affirmed.

*Affirmed.*

Associate Justice Jenkins did not sit in this case.

Writ of error refused.