## CO-OPERATIVE INS. ASS'N OF SAN ANGELO et al. v. RAY.

(Court of Civil Appeals of Texas. Austin.
March 15, 1911. Rehearing Denied
June 28, 1911.)

1. INSURANCE (§ 500*) — EXTENT OF LOSS — LIQUIDATED DEMAND.

Where a policy insured a building for a certain amount, and the furniture for another amount, the amount upon the building became a liquidated demand upon the total destruction of that structure, regardless of its value, under Rev. St. 1895, art. 3089, providing that upon the total destruction of property insured the policy shall be considered as a liquidated demand.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1275, 1276; Dec. Dig. § 500.*]

2. INSURANCE (§ 281*) — FIRE INSURANCE — MISREPRESENTATIONS—STATUTE.

Misrepresentation by an insured as to the value of a building and personal property therein will not avoid the policy, act of 1903, c. 69, having declared that misrepresentations neither material to the risk nor contributing to the loss shall be no defense to a suit upon an insurance policy.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 597–600; Dec. Dig. § 281.*]

3. INSURANCE (§ 150*)—CONTRACT OF INSURANCE—POLICY—WHAT CONSTITUTES.

A slip of paper containing a stipulation is not a part of an insurance policy merely because pinned thereon.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 305–307; Dec. Dig. § 150.*]

4. INSURANCE (§ 376*) — FIRE INSURANCE — WAIVER OF FORFEITURE.

Where one of the insurers with knowledge of the insured's breach of certain warranties requested and had insured make proofs of loss, and told him that the loss would be paid, the right of the association to insist upon the breach of warranties was waived, notwithstanding the policy provides that a waiver must be indorsed on the policy.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 952–955; Dec. Dig. § 376.*]

Appeal from District Court, Sterling County; J. W. Timmins, Judge.

Action by H. K. Ray against the Co-operative Insurance Association of San Angelo, Tex., and others. From a judgment for plaintiff, defendants appeal. Affirmed.

H. K. Ray instituted this suit against the Co-operative Insurance Association of San Angelo, Tex., W. S. Robertson, R. A. Hall, J. B. Alexander, J. G. Schooler, and M. A. Murff, as individual stockholders and as partners, seeking to recover $1,000 alleged to be due upon a fire insurance policy. Before trial the plaintiff dismissed as to the defendant Hall. In their answer, the other defendants did not deny under oath the existence of partnership alleged by the plaintiff, but, in addition to a general denial, they pleaded a breach of two alleged warranties, one as to the value of the property, and the other as to an agreement to keep metal 3x3 feet under the stoves used in the house. The plaintiff filed a reply to defendants' answer. There was a nonjury trial, which resulted in a judgment for the plaintiff, and the defendants have appealed. The evidence sustains the judge's findings of fact, which are as follows:

"(1) That defendants as a joint-stock company, association and partnership under the name of the Co-operative Insurance Association of San Angelo, Texas, on October 28, 1908, by policy No. 725, insured plaintiff against loss by fire, etc., in the sum of $1,000,

on his one-story shingle roof frame residence building, situated in Sterling county, Texas, described in plaintiff's first amended original petition, and the household and kitchen furniture and articles of personal property fully described and set out in said petition while contained in said building; said policy being for $800 on said building and $200 on said personal property, and run for one year, beginning on October 28, 1908, and expiring on October 28, 1909.

"(2) That during the life of said policy, on, to wit, March 17, 1909, said building, with the articles of personal property described in plaintiff's said petition while contained in said building, were totally destroyed by fire.

"(3) The actual cash value of said personal property, as admitted by defendants on trial, being more than $300, I find that two-thirds of the actual cash value thereof is more than $200.

"(4) That after said fire, and, to wit, on the 17th day of March, 1909, plaintiff notified defendant of said fire and total destruction of said building and contents therein, which notice was received by them the next day, and that proof of loss was made and delivered to defendants April 14, 1909.

"(5) That plaintiff's application for said insurance was wholly prepared by defendants' agent, that before preparing said application defendants' agent personally inspected said building, and the said personal property contained therein, was correctly informed by plaintiff of the cost and value thereof, and knew the situation, location, and condition of said building and its contents, and that he then agreed with plaintiff that defendants should write him a policy for $800 on the building and $200 on the contents therein.

"(6) That plaintiff paid to said agent the premium therefor, amounting to $10, at the time of said application.

"(7) That the answers to questions contained in said application and policy and set out in defendants' answer, were not warranties, but only representations, and not material to the risk, and that the failure of plaintiff to keep metal 3x3 feet under the stoves did not cause or contribute to the fire and destruction of said building and contents.

"(8) That defendants after being informed by plaintiff that he did not place and keep metals 3x3 feet under the stoves, and that the same were not under the stoves at the time of the fire, prepared proofs of the loss on said building and contents and required plaintiff to sign the same, and that with knowledge that said provisions of the policy had not been complied with, informed plaintiff that said policy would be paid."

Brown & Simmons, for appellants. Hill, Lee & Hill, for appellee.

KEY, C. J. (after stating the facts as above). We shall not undertake to discuss in detail the various assignments of error referred to in appellants' brief, some of which constitute repetitions of questions already presented, and some of which, as contended by appellee, do not conform to the rules. On the controlling questions in the case we announce our conclusions as follows:

[1] 1. The policy sued on embodies a contract for $800 insurance on the house and $200 on the personal property of the plaintiff situated therein. The building having been destroyed, the policy became a liquidated demand for $800, regardless of the value of the building. Article 3089, R. S.

[2] 2. The plaintiff did not warrant that $800 was two-thirds of the actual cash value of the house, but certified that $1,000 did not exceed two-thirds of the actual cash value of the entire property insured, and it was not shown that that statement was false. Besides, the statement referred to would bring the case in that respect within the purview of the act of 1903, c. 69, which was construed by this court in Scottish Union & National Ins. Co. v. Wade, 127 S. W. 1186, and Mecca Fire Ins. Co. of Waco, Texas, v. Stricker, 136 S. W. 599, recently decided by this court.

[3] 3. As to the alleged warranty to keep metal under the stoves the slip of paper containing that stipulation was not a part of the contract of insurance, but was pinned on the margin, so as to bring this case within the rule announced in Goddard v. Insurance Co., 67 Tex. 71, 1 S. W. 906, 60 Am. Rep. 1, where it was held that a similar slip of paper pasted onto the policy, and containing warranty stipulations, was ineffectual for that purpose.

[4] 4. Aside from our second and third conclusions, the judgment can be sustained upon the conclusion that appellant waived any right it may have had based upon the alleged warranties. According to the plaintiff's testimony, one of the defendants, with knowledge of the failure to comply with the alleged warranties, requested the plaintiff to go with him to the county seat for the purpose of making out proofs of loss, and the plaintiff quit his work and complied with that request; and the defendant referred to prepared the proof of loss, requested the plaintiff to sign it, and stated that the claim would be paid. That testimony supports a finding of waiver. Home Ins. Co. v. Moriarity, 37 S. W. 628, writ of error denied 93 Tex. 729; German American Ins. Co. v. Evants, 25 Tex. Civ. App. 300, 61 S. W. 536; Couch & Gilliland v. Insurance Co., 32 Tex. Civ. App. 44, 73 S. W. 1077; British American Ins. Co. v. Francisco, 123 S. W. 1144; Queen Ins. Co. v. Forlines (Ark.) 126 S. W. 719. The agent having power to make a contract of insurance may verbally waive any condition inserted for the insurer's benefit, notwithstanding the policy provides that it can be done only in writing indorsed thereon. Morrison v. Insurance Co., 69 Tex. 353, 6 S. W. 605, 5 Am. St. Rep. 63.

There are some other minor questions presented in appellants' brief, all of which have received consideration, and our conclusion is that no error has been shown.

Judgment affirmed.