COMMONWEALTH INS. CO. OF NEW YORK v. FINEGOLD.     (No. 7043.)*

(Court of Civil Appeals of Texas.     Galveston. Jan. 19, 1916.     Rehearing Denied Feb. 10, 1916.)

1. STATUTES ☞113 — TITLE — CONSTITUTIONALITY.

Acts 33d Leg. c. 105 (Vernon's Sayles' Ann. Civ. St. 1914, arts. 4874a, 4874b), entitled "An act to prevent fire insurance companies from avoiding liability for loss and damage to personal property under technical and immaterial provisions of the policy or contract of insurance where the act breaching such provision has not contributed to bring about the loss and declaring an emergency," providing that no breach by the insured of any of the provisions of any fire insurance policy upon personalty shall render void the policy or constitute a defense to a suit for loss thereon, unless such breach contributed to bring about the destruction of the property, is not violative of Const. art. 3, § 35, providing that no bill shall contain more than one subject, expressed in its title.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 141–144; Dec. Dig. ☞113.]

2. CONSTITUTIONAL LAW ☞48 — CONSTITUTIONALITY—CONSTRUCTION IN FAVOR OF.

It is the duty of the court to ascertain the intention of the Legislature in enacting a statute whose constitutionality is in question, and to sustain the law if it can be done by fair construction.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 46; Dec. Dig. ☞48; Statutes, Cent. Dig. § 56.]

3. STATUTES ☞211 — CONSTRUCTION—TITLE.

In construing a statute, it is permissible to refer to the caption for explanation, and it is equally permissible, in the construction of the caption, to refer to the body of the act.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 288; Dec. Dig. ☞211.]

4. STATUTES ☞105—TITLES OF ACTS—CONSTITUTIONAL PROVISION—CONSTRUCTION.

Const. art. 3, § 35, providing that no bill shall contain more than one subject, expressed in its title, should be construed liberally rather than to embarrass legislation by a strict construction unnecessary to the accomplishment of the beneficial purposes of the provision.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 117, 118; Dec. Dig. ☞105.]

5. INSURANCE ☞333—FIRE INSURANCE—IMMATERIAL BREACH OF POLICY—STATUTE.

Under Acts 33d Leg. c. 105 (Vernon's Sayles' Ann. Civ. St. 1914, arts. 4874a, 4874b) providing that no breach by the insured of any of the provisions of any fire insurance policy upon personalty shall render void the policy or constitute a defense to a suit for loss unless such breach contributed to bring about the destruction of the property, a policy of fire insurance on personalty, providing that the keeping of gasoline on the premises should avoid the policy, and that an act increasing the hazard by means in the control of knowledge of the insured should do so likewise, was not avoided, and insured's recovery thereon was not prevented, by his keeping gasoline on the premises where such breach did not contribute to bring about the destruction of the property.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 842–846; Dec. Dig. ☞333.]

6. INSURANCE ☞335 — FIRE INSURANCE — BREACH OF POLICY—STATUTE.

Such provision has no application to permit the insured, who has broken the stipulation of his policy insuring his stock of goods that he should keep books, etc., in an iron fireproof safe, to recover on the policy, although the failure to keep the books did not contribute to bring about the destruction of the property, since the statute was passed to prevent insurance companies from escaping liability on the ground that insured had violated the policy only where the breach could have, but in fact did not, contribute to bring about the loss.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 852, 853; Dec. Dig. ☞335.]

7. INSURANCE ☞335—FIRE INSURANCE—MATERIAL BREACH OF POLICY.

Insured's failure to substantially comply with the provision of a fire insurance policy by not keeping his books in a fireproof safe will defeat his recovery on the policy; the provision being material.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 852, 853; Dec. Dig. ☞335.]

8. APPEAL AND ERROR ☞268 — REVIEW — FINDINGS.

Where the trial court found that a matter of fact was proved by the undisputed evidence, and so instructed the jury, and the party to whom the finding was adverse did not except thereto, or assign error thereon, the Court of Appeals cannot look into the statement of facts to ascertain what facts were brought forward upon the issue.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1596–1604, 1606; Dec. Dig. ☞268.]

9. TRIAL ☞256—INSTRUCTIONS—REQUESTS.

In an action on a fire policy covering household goods, the court's charge, directing the jury to ascertain the value of the goods, instead of the actual cash value, as provided in the policy, being correct so far as it went, was not reversible error in the absence of a request for a special charge.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 628–641; Dec. Dig. ☞256.]

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

183 S.W.—53     *Application for writ of error pending in Supreme Court.

Appeal from District Court, Harris County; Wm. Masterson, Judge.

Action by B. Finegold against the Commonwealth Insurance Company of New York. From a judgment for plaintiff, defendant appeals. Affirmed in part and reversed and rendered in part.

Dannenbaum & Taub, of Houston, for appellant. Atkinson, Graham & Atkinson, of Houston, for appellee.

McMEANS, J. October 6, 1913, appellant, Commonwealth Insurance Company of New York, issued to the appellee, B. Finegold, a policy of fire insurance for the total sum of $1,300, divided as follows: $600 on a stock of goods, wares, and merchandise; $200 on store furniture and fixtures; and $500 on household goods, furniture, wearing apparel, etc. On October 27, 1913, the property insured was destroyed by fire, and Finegold brought this suit against the insurance company to recover the amount for which the property was insured. Defendant answered, pleading the violation by plaintiff of the record warranty clause of the policy and certain other clauses, warranties, and conditions. The case was submitted to a jury upon special issues, and upon return of their verdict a judgment was entered by the court thereon in favor of the plaintiff for $1,300, the full amount of the policy. From this judgment the defendant has appealed.

The "record warranty clause" provides that the assured will make and prepare in the regular course of business, after the date of the policy, a set of books, which shall clearly and plainly present a complete record of business transacted, including all purchases, sales, and shipments, both for cash and on credit, and will preserve all inventories of stock taken during the current year, and those taken during the preceding year, and keep and preserve all books showing a record of business transacted during the current and preceding year, and to keep and preserve all inventories taken after the issuance of the policy and all books made and prepared subsequently to the issuance of the policy, showing a record of business transacted, and further provides that said books and inventories and each of same shall be by the assured kept securely locked in a fireproof safe at night, and at all times when the building mentioned in the policy is not actually opened for business, etc.; and provides further that the failure of the assured to comply with any of such requirements shall render the policy void. It is provided in the policy that the entire policy shall be void in case of any false swearing by the assured touching any matter relating to the insurance or the subject thereof, whether before or after the loss, or if the hazard be increased, by any means within the control or knowledge of the insured, or if, any usage or custom of trade to the contrary notwithstanding, there

be kept, used, or allowed on the premises mentioned in the policy any gasoline. It is further provided in the policy that in case of loss by fire the insured should furnish to the insurer proof of loss within 90 days from the date of the fire. The court instructed the jury in part as follows:

"You are instructed that said policy of insurance introduced in evidence before you contains the following provisions, among others: That gasoline should not be kept on the premises of the insured, also, that the insured should keep the books and records in an iron safe, and that in case of loss by fire the insured should furnish to defendant proof of loss within 90 days from the date of said fire.

"You are further instructed that the undisputed evidence in this case shows that each of said provisions of said policy have not been complied with, but have been violated by the plaintiff.

"In this connection, however, you are further instructed that no breach or violation by the insured of any of the warranties, condition, or provisions of any fire insurance policy upon personal property shall render void the policy, or constitute a defense to the suit for loss thereon, unless such breach or violation contributed to bring about the destruction of the property."

The court then submitted to the jury, in the form of interrogatories, the following special issues, among others:

"Did the failure upon the part of plaintiff to keep his books and records in an iron safe, as provided in said policy, contribute to bring about the destruction of said goods?

"Did the plaintiff's breach of said policy in keeping gasoline on said premises contribute to bring about the destruction of said goods?

"Did the failure of plaintiff to furnish the defendant with proof of loss within 90 days from date of the fire contribute to bring about the destruction of said goods?"

To each of said issues the jury replied in the negative. The appellee does not, by any cross-assignment, question the finding of the court to the effect that each of the provisions of the policy above stated had been breached by the plaintiff.

We shall not discuss appellant's assignments of error in detail, but will undertake, in a general way, to dispose of all the questions presented in its brief.

[1] It is contended by appellant that chapter 105 of the Acts of 1913 (Vernon's Sayles' Ann. Civ. St. 1914, arts. 4874a, 4874b) is unconstitutional. The act, in its entirety, is as follows:

"An act to prevent fire insurance companies from avoiding liability for loss and damage to personal property under technical and immaterial provisions of the policy or contract of insurance where the act breaching such provision has not contributed to bring about the loss, and declaring an emergency.

"Be it enacted by the Legislature of the state of Texas:

"Section 1. That no breach or violation by the insured of any of the warranties, conditions or provisions of any fire insurance policy, contract of insurance, or application therefor, upon personal property, shall render void the policy or contract, or constitute a defense to a suit for loss thereon, unless such breach or violation contributed to bring about the destruction of the property.

"Sec. 2. That the provisions hereof shall in no way affect or repeal the provisions of

article 4874 of the Revised Civil Statutes of 1911 in so far as the same relates to fire insurance policies upon real or mixed property.

"Sec. 3. Whereas, under the existing laws, insurance policies and contracts may be defeated upon purely technical provisions and defenses that in no way affect the merits of the claim against the insurance company, and such defenses have been upheld to the extent of making it almost impossible for an insurance policy upon personal property to be collected by suit, creates an emergency," etc.

The contention is that the act is violative of section 35, art. 3, of the Constitution of Texas, because the title of the act makes the act apply only to "technical and immaterial provisions" of fire insurance policies, and that the body thereof makes the act apply to "any of the warranties, conditions or provisions of any fire insurance policy, contract of insurance or application therefor," and that the title of said act is thereby enlarged beyond the subject stated in the caption so as to permit the embodying in the act of a subject beyond the title. The constitutional provision referred to is as follows:

"No bill * * * shall contain more than one subject, which shall be expressed in its title. * * *"

[2-4] It is the duty of the court to ascertain the intention of the Legislature in enacting the law under consideration, and to sustain the law if it can be done by fair construction. The caption is a part of the law, and is given the same effect as if it were in the body of the bill. Missouri, etc., Ry. Co. v. Mahaffey, 105 Tex. 394, 150 S. W. 883. It is always proper, in the construction of a law, to refer to the caption for explanation, and it is equally permissible in the construction of the caption to refer to the body of the act. City of Austin v. McCall, 95 Tex. 575, 68 S. W. 791. The rule for construing the provision of the Constitution under consideration, as stated in Morris v. Gussett, 62 Tex. 741, and approved in City of Austin v. McCall, supra, is:

"The tendency of the decisions is to construe the constitutional provision on this subject liberally 'rather than to embarrass legislation by a construction whose strictness is unnecessary to the accomplishment of the beneficial purposes for which it was adopted.'"

The caption and the body of the act manifest the same intent and purpose of the Legislature, in that both have the same purpose to prevent fire insurance companies from avoiding liability for loss or damage to personal property by fire where the violation by the insured of a provision of the policy does not contribute to bring about the destruction of the insured property. The only difference in the terms used in the caption and in the body of the act is that in the former insurance companies are forbidden to take advantage of a breach of any "technical and immaterial provisions," where the breach did not contribute to bring about the loss, and in the latter they are forbidden to take ad-

vantage of a breach of any warranties, conditions, or provisions which does not contribute to bring about the destruction of the insured property. If it is permissble to look to the body of the act in aid of the construction of the caption, we must conclude that the "technical and immaterial provisions" there referred to mean, and intended to mean such provisions of the policy, whether warranties or conditions, that, though being breached by the insured, did not contribute to bring about the loss; and if we look to the caption in aid of the construction of the body of the act, then we must conclude that the warranties, conditions, or provisions of a policy, the breach of which did not contribute to bring about the destruction of the property, are technical and immaterial provisions of the policy. Only the general or ultimate object is required to be stated in the caption, and not the details by which the object is to be attained. Any provision calculated to carry the declared object into effect is unobjectionable, although not specifically indicated in the title. Johnson v. Martin, 75 Tex. 40, 12 S. W. 321; Dooppenschmidt v. Railway, 100 Tex. 535, 101 S. W. 1080. We think that the title of the act fairly gives reasonable notice of the subject-matter of the statute, and that it meets the requirement of section 35 of article 3, of the Constitution, and that the act is valid.

[5] The court having found as a fact, and having so instructed the jury, that the keeping of gasoline on the insured premises was a breach of the contract of insurance by the assured, and the jury having found that such breach did not contribute to bringing about the destruction of the insured property, it was not error to refuse to grant the appellant's motion for a new trial, based upon the contention that the keeping of the gasoline avoided the policy, because in contravention of said provision, and because the keeping of the gasoline was such an act on the part of the appellee as increased the hazard by "means in the control or knowledge of the insured." No assignment of error is presented by the appellant assailing the finding of the jury in this regard.

Under the act above quoted we think that the provision as to keeping of gasoline, the breach of which did not contribute to bring about the destruction of the property, was technical and immaterial, and that the statute had for its object the denial of such a defense to the insurer as a means of escaping liability.

[6, 7] But quite a different question is presented, we think, as to the iron-safe clause. The statute, we think, has reference to only those warranties and provisions in policies, the breach of which might have contributed to bring about the loss, but which in fact did not, and was passed, we think, with the sole purpose of preventing insurance com-

panies from escaping liability for the violation of a provision of the policy where the breach could have, but in fact did not, contribute to bring about the destruction of the insured property. In regard to other warranties or conditions in the policy, the violation of which could not have contributed to bring about the loss, such, for instance, as the iron-safe clause, the statute does not apply. It seems to be well settled that such a provision in a policy is material, and that a failure on the part of the assured to substantially comply therewith will defeat a recovery. Assurance Company v. Kemendo, 94 Tex. 371, 60 S. W. 661; Insurance Co. v. Willcock, 29 S. W. 219; Insurance Co. v. Center, 33 S. W. 555; Couch v. Insurance Co., 32 Tex. Civ. App. 44, 73 S. W. 1077. The iron-safe clause in the policy under consideration applied, however, only to the stock of goods, wares, and merchandise, which were insured for the sum of $600. The court, having found from the undisputed evidence that the appellee had violated the iron-safe clause, should have directed a verdict against plaintiff for the amount for which the stock of goods were insured.

[8] Appellee in his brief insists, however, that the evidence sufficiently shows that he complied with the iron-safe clause. But, the court having found that the violation of that clause was proved by the undisputed evidence and so instructed the jury, and the appellee not having excepted to such finding, nor assigned error thereon, we are not authorized to look into the statement of facts to ascertain what facts were adduced upon this issue. Buster v. Warren, 35 Tex. Civ. App. 644, 80 S. W. 1063; Drake v. Davidson, 28 Tex. Civ. App. 184, 66 S. W. 889.

We are of the opinion that the evidence was not sufficient to raise any issue of false swearing by the assured, "touching any matter relating to the insurance or the subject thereof," and that the court properly refused to submit that issue to the jury.

[9] We are also of the opinion that the court did not commit reversible error in directing the jury to ascertain the value of plaintiff's household goods, instead of the "actual cash value," as provided in the policy. The charge was correct as far as it went; and, if defendant was not satisfied with it, it should have sought a correction by asking a special charge.

We think that with the exception herein above noted the judgment in favor of plaintiff is, in all things, proper. The judgment will therefore be affirmed except as to that part which awarded a recovery for $600, the amount for which the stock of goods was insured, and as to said amount the judgment is reversed, and here rendered in favor of appellant.

Affirmed in part. Reversed and rendered in part.