**NATIONAL STANDARD FIRE INS. CO. v. HUBBARD.**

No. 7511.

Court of Civil Appeals of Texas. Austin. Oct. 3, 1930.

Rehearing Denied Oct. 15, 1930.

Davidson, Doss & McMahon, of Abilene, for appellant.

Critz & Woodward, of Coleman, for appellee.

BLAIR, J.

Appellee sued appellant on its insurance policy for damages by fire to his stock of groceries, and recovered judgment for $224.82, with interest; hence this appeal.

Appellant pleaded that appellee breached the record warranty clauses of the policy and forfeited the insurance by failure to make an inventory of the stock of goods within thirty days after date of policy, to keep books showing all business transacted, and to preserve the inventory or books in an iron safe at night. Appellee admitted these breaches, but pleaded in avoidance of forfeiture of the policy that compliance with all these warranty clauses would have been useless, because the goods were only damaged by the fire and still retained their marks and descriptions so that a physical examination could and did determine the nature and extent of their damages, and that appellant waived and was estopped to set up any breach of the record warranty clauses, because its adjuster, with full knowledge of the breaches pleaded and of all facts, required appellee to prepare and deliver to him an inventory or list of the damaged goods, and to show the amount and value of the damaged goods, after the fire and before the nonwaiver agreement was signed.

■ The jury found in favor of appellee on all issues pleaded in avoidance of forfeiture of the policy, and their findings are supported by the evidence. This appellant admits, but, with respect to the plea that the nature and extent of the damages to the goods could and was determined by physical examination, and that an inventory or books made and preserved as required by the policy would have been useless, contends that the insurance was forfeited as a matter of law, because, under the record warranty clauses in a fire insurance policy, the inven-

tory and books themselves are the sole depository of the data contracted for, and that resort could not be had to extraneous sources for supplying this data. This is the settled law in Texas. Merchants' & Manufacturers' Lloyd's Ins. Exch. v. Southern Trading Co. (Tex. Com. App.) 229 S. W. 312, and the cases there cited.

■ Appellant also insists that appellee's pleas of waiver and estoppel to set up the breaches of the record warranty clauses should not have been sustained, because of the standard policy provisions that the insured shall as often as requested (a) exhibit all remains of any property; (b) submit to examination under oath; (c) produce inventories, books, etc., when requested; and (d) that the exercise of these requirements, acts, or proceedings shall not waive any provision or condition of the policy or any forfeiture of it. But clearly these provisions do not cover or relate to all the requirements, acts, or conduct pleaded by appellee as a waiver of the forfeiture of the policy. As requirements, acts, or conduct not covered by the above policy stipulations, appellee pleaded and proved that appellant's adjuster, with full knowledge of all facts concerning the fire and damages to the goods and of the breaches of the record warranty clauses pleaded, after the fire and before signing of the nonwaiver agreement, requested appellee to make a list or inventory of the goods in their damaged condition, and to show the amount and value of such damaged goods. This appellee did at considerable trouble; and, after a physical examination of the goods, the adjuster agreed with appellee upon the amount of the damages, which agreement was reduced to writing and signed by them upon one of appellant's regular nonwaiver of policy provisions blanks. By these requirements, acts, and conduct we conclude that appellant at least impliedly waived the breaches of the record warranty clauses pleaded as grounds for forfeiting the insurance. The following quotation from 14 R. C. L. 1181, § 357, clearly states the rule of implied waiver: "Waiver of a forfeiture though in the nature of an estoppel may be created by acts, conduct, or declarations insufficient to create a technical estoppel, and the courts, not favoring forfeitures, are inclined to grasp any circumstances which indicate an election to waive a forfeiture. Any acts, declarations, or course of dealing by an insurer, with knowledge of facts constituting a breach of a condition in a policy, leading the person insured honestly to think if conforming thereto a forfeiture of his policy will not be incurred, followed by due conformity on his part, estops the insurer from insisting on the forfeiture."

And continuing, this same authority, at page 1197, § 376, more specifically states the rule applicable to the facts of this case, as follows: "It is the general rule that when an insurer, with knowledge of any act on the part of the insured which works a forfeiture, enters into negotiations with him which recognize the continued validity of the policy, and thus induces him to incur expense or trouble under the belief that his loss will be paid, the forfeiture is waived. This rule is most frequently applied to a request for proofs of loss from the insured, after knowledge of a forfeiture, but it is essential that the insurer have knowledge of the ground of forfeiture at the time."

The only purpose the adjuster could have had in requiring appellee to prepare and present an inventory of the damaged goods, showing their amount and value, was for proof of loss sustained by appellee by the fire. Such requirement clearly led appellee to believe the adjuster intended to waive the forfeiture, and at no time until appellant's answer was filed did it indicate in any way that it intended to forfeit the insurance for the breach of the record warranty clauses pleaded.

■ This court, in the case of Co-operative Ins. Ass'n v. Ray (Tex. Civ. App.) 138 S. W. 1122, Judge Key writing the opinion, held, in substance, that, where the insurer with knowledge of insured's breach of certain record warranty clauses requested the insured to make proofs of loss, which he did, the insurer waived the right to insist upon a forfeiture of the policy for breach of such warranty clauses. It is also a settled rule that forfeiture of insurance is not favored in law, and that the slightest evidence indicating waiver of forfeiture will support a jury finding to that effect. We therefore affirm the judgment of the trial court that appellant waived the forfeiture of the insurance in this case.

Affirmed.