### RETAIL HARDWARE MUT. INS. CO. v. COLLIS.
### No. 8071.

Court of Civil Appeals of Texas. Austin.
Jan. 23, 1935.

Rehearing Denied Feb. 13, 1935.

Thompson, Knight, Baker & Harris, of Dallas, for plaintiff in error.

Joe J. Alsup, of Temple, for defendant in error.

BLAIR, Justice.

The parties will be called appellant and appellee.

Appellee, Mrs. M. L. Collis, sued appellant, Retail Hardware Mutual Insurance Company, on its policy of insurance covering her house against loss or damage by fire, not to exceed $500; and recovered judgment for $500.

Appellant pleaded a breach of the sole and unconditional ownership clause of the policy, and contends that such defense was established as a matter of law. The question turned upon the issue of whether a warranty deed by W. Querner to C. E. Stockton was intended as a mortgage.

The undisputed evidence showed that the deed was intended as a mortgage. It was so stipulated by a contemporaneous written agreement, consisting of a note for a pre-existing debt, and the memorandum agreement thereon which recited that the property would be reconveyed upon payment of the note in full. Both parties and the attorney who drew the papers testified that the deed was intended to secure the payment of the debt. By all subsequent conduct of the parties, the deed was treated as a mortgage. 29 Tex. Jur. 805, 806, and cases cited. Appellant concedes that if the deed were in fact intended as a mortgage, appellee, a subsequent grantee of Querner, is entitled to recover on the policy in suit.

Our above holding renders immaterial any alleged error in the charge given in connection with the issue as to whether the deed was intended as a mortgage. Such issue need not have been submitted. Likewise all other alleged errors in connection with other special issues submitted become immaterial.

There was no issue for the jury as to the amount of damages. The house was totally destroyed by fire, and the policy became a liquidated demand for the full amount under the provisions of article 4929, Rev. St. 1925. See Co-Operative Ins. Ass'n v. Ray (Tex. Civ. App.) 138 S. W. 1122; American Central Ins. Co. v. Terry (Tex. Com. App.) 26 S.W.(2d) 162.

The judgment will be affirmed.

Affirmed.